UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | | |
|---|---|---|
| UNITED NATIONAL INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-2300 |
| CITY OF PARIS, GENE RAY, JAMES PARRISH, and HERBERT WHITLOCK, | ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Before the Court is the Motion to Stay or In The Alternative for a Protective Order (#39) filed by Defendants, City of Paris, Gene Ray, and James Parrish. Plaintiff has filed a written response in which it opposes a stay and agrees to the entry of a protective order. Attached as "Exhibit C" to Plaintiff United National Insurance Company's Response to the City of Paris' Motion to Stay Discovery or In The Alternative for Protective Order (#43) is a proposed protective order.

The Court has carefully considered the written submissions of the parties and determined that a stay of these proceedings is not justified. Further, the Court does agree with the parties that a protective order should be entered.

The decision of the Illinois Supreme Court in *Waste Management, Inc. vs. International Surplus Lines Ins. Co.*, 144 Ill.2d 178 (1991) is central to the resolution of this dispute. Plaintiff relies on the case as authority for its contention that neither attorney/client privilege, nor the work-product exclusion allows movants as the insured parties to withhold materials from Plaintiff, the insurer. Movants do not dispute the central holding relied upon by Plaintiff. However, movants argue that because the

underlying litigation had been concluded prior to the declaratory judgment action involved in *Waste Management*, the holding in that case should be similarly limited in its application. Accordingly, movants suggest that while the Plaintiff will be entitled to the disputed material at the conclusion of the underlying litigation, it is not entitled to that material prior to that time. Movants have not cited persuasive authority in support of their effort to limit the application of the holding in *Waste Management* to situations wherein the underlying litigation has been concluded.

The Court agrees with Plaintiff's argument that *Waste Management* should not be applied in the manner suggested by movants. The Court has had the benefit of considering two Illinois Appellate Court decisions which applied the holding in *Waste Management. Sharp v. Trans Union, LLC,* 845 N.E.2d, 719 (Ill.App. 2006) and *Allianz Ins. Co. v. Guidant Corp.*, 869 N.E.2d, 1042 (Ill.App. 2007) fail to support Defendants' argument. Rather, those cases reinforce the argument raised by Plaintiff.

With respect to other parties, movants are entitled to the protection of the attorney/client privilege and work-product exclusion. The Court agrees that the holding in *Waste Management* does not impact that protection. Accordingly, the Court agrees that a protective order should be entered.

Plaintiff has tendered a proposed protective order. The Court has reviewed that Order and found it to be clear and well constructed and therefore useful for this case. Plaintiff is directed to submit a Word or Wordperfect formatted copy of the proposed order for the Court's use. The proposed order should be emailed to bernthal@ilcd.uscourts.gov.

The Motion to Stay or In The Alternative for a Protective Order **(#39)** is **GRANTED in part** and **DENIED in part.**  The motion to stay is DENIED.  The motion for protective order is GRANTED.

ENTER this 29th day of April, 2011.

                                                                                        s/ DAVID G. BERNTHAL
                                                                                          U.S. MAGISTRATE JUDGE